1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CECIL R. TEDDER,

      Plaintiff/Petitioner,      No. CIV S-06-1535 MCE PAN P

  vs.

D. K. BUTLER, et al.,

      Defendants/Respondents.   <u>ORDER AND</u>

                                           <u>FINDINGS AND RECOMMENDATIONS</u>

                                   /

      Plaintiff/petitioner (hereafter "Tedder"), a state prisoner proceeding pro se, has filed as one pleading a civil right complaint pursuant to 42 U.S.C. § 1983 and an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  <u>See</u> 28 U.S.C. § 1915(a).

      By these pleadings, Tedder challenges a decision by the then California Board of

/////

/////

1

1  Prison Terms (BPT)[1] to vacate a subsequent parole hearing date set for September 2001 and the
2  failure of prison officials to take him to that hearing.  In so doing, Tedder renews a challenge
3  raised in an action filed previously in this court, Case No. CIV S-03-0788 GEB PAN P, which
4  was dismissed for failure to exhaust state court remedies.[2]

5  The following facts relevant to the claims at bar are evident from the petition filed
6  in this action and the documents in Tedder's previously filed action.  On August 20, 1973,
7  Tedder was convicted in the United States District Court for the Central District of California of
8  robbery and use of a dangerous weapon and was sentenced to 25 years in prison.  On January 28,
9  1974, the court modified the sentence to six years in prison.  On November 5, 1975, Tedder was
10 released to parole, from which he was discharged December 1, 1977.  On February 21, 1986,
11 Tedder was convicted of second-degree murder in the Nevada County Superior Court.  The court
12 sentenced him to life with the possibility of parole after 15 years.  On September 10, 1997, the
13 BPT held an initial parole suitability hearing, denied parole, and scheduled a subsequent hearing
14 for September 2001.

15 On April 24, 2000, while still a state prisoner, Tedder was convicted in the Los
16 Angeles County Superior Court of a 1973 homicide and was sentenced to life with the possibility
17 of parole to run "concurrent with the time being served by the defendant in federal prison."
18 (Need to cite to the document this quote comes from.)  The federal prison sentence expired
19 [when].  On June 22, 2000, the BPT began measuring Tedder's parole eligibility from the April
20 24, 2000 conviction.  As a consequence, it rescinded the September 10, 1997 initial parole
21 suitability action, vacated the subsequent parole consideration hearing set for September 2001,
22 and scheduled petitioner instead for a Documentation Hearing.  Petitioner claims the decision to
23 /////

---

[1]  The Board of Prison Terms changed its name to the Board of Parole Hearings in 2005.

[2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

vacate the September 2001 subsequent parole consideration hearing violated his constitutional rights.

Tedder's claim is grounded in his mistaken contention that the life term he is presently serving, imposed on April 24, 2000, expired at the end of the federal sentence. Specifically, petitioner contends that the life sentence expired when the shorter federal sentence expired. Under California law, however, concurrent sentences, while they overlap, need not begin or end together. See Ex Parte Roberts, 40 Cal.2d 745, 749 (1953). Tedder's federal constitutional rights were not violated by the BPT's determination that, for purposes of parole consideration, Tedder's April 24, 2000, life sentence superseded the February 1986 conviction on which the September 1997 initial parole suitability hearing was held, or by the BPT's decision to vacate the September 2001 parole consideration hearing and to recalculate Tedder's parole eligibility based on the April 2000 sentence. A fortiori, prison officials did not violate his constitutional rights by failing to take him to the September 2001 hearing.

A prisoner civil rights action must be dismissed by the court if the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A. In addition, the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4, provides in relevant part, "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, 28 U.S.C. foll. § 2254.

The court has determined, based on careful review of both the civil rights complaint and the habeas corpus petition filed in this action, that Tedder has not stated a cognizable claim upon which relief may be granted, and that petitioner is not entitled to habeas corpus relief in the district court. Accordingly, for the foregoing reasons, this action should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that Tedder's request for leave to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12/14
tedd1535.156